Stewart, J.
In this case the administrators de bonis non of M. Louise Deshler, brought an actionjin the court below, in which, after proper allegationsjas to their appointment, etc., they say that they have filed their final report and account of their administration, and upon such settlement a balance of $37,000 was found in their hands, which they were ordered to distribute according to law. Theyjmade defendants to the action the heirs-at-law of M. Louise Deshler, also Henry C. Noble and George M. Parsons, trustees to establish a law library and school in the city of Columbus, and other parties, and aver that these several parties claim the funds in their hands, and under Revised Statutes, sec. 6202, ask the advice of the court to guide them in making distribution.
The heirs-at-law of M. Louise Deshler answer, averring that they are entitled to all of this fund, and denying that any of the other defendants are entitled thereto, and especially deny *366 that Henry C. Noble and Geo. M. Parsons are trusters to establish a law library and school in the city of Columbus.
Henry C. Noble and Geo. M. Parsons filed an answer, alleging in substance that John G. Deshler died January 8, 1878, intestate, possessed of a large estate; that his widow, M. Louise Deshler, on the same day made her will, and the next day a codicil thereto, and died February 12, 1878; that her will and codicil were duly admitted to probate, February 15, 1878; that item four of the codicil was as follows :
“I give to Henry C. Noble and George M. Parsons in trust $100,000, to establish a law library and school in memory of my late husband, John G. Deshler, sr.”
And then follow the specific directions as to investing the fund, purchasing property and turning the same over to a corporation when formed.
In item nine of the codicil the testatrix requested that no bond be required of the trustees therein.
In February 1880, an action was commenced to contest the will and codicil by the heirs-at-law of Mrs. Deshler, and these defendants were made parties thereto, and described therein trustees for law library and school, and there were no other allegations concerning them, except that they, with others were devisees and legatees of said will and codicil, or in some way interested therein. That these defendants, with others, filed a joint answer alleging that said will was the true, and valid last will and codicil, and denying that at the time of making the same, Mrs. D. was not of sound and disposing mind and memory, or that she was under restraint or undue influence, and denying that said will and codicil were not properly attested, or that the same ought to be set aside; and no other issues were made dr tried in said cause. That by the verdict of a jury the will was set aside in-the Common Pleas Court, and from that judgment an appeal was taken by these defendants, with others, to the District Court, and a joint bond given, and afterwards, at the January, 1888, term of the Circuit Court, by the verdict of a jury, the will and codicil and the probate thereof were set aside. They say they engaged counsel to defend said will contest, and used all proper and legal means therein to sustain the wjll and codicil. But *367 since the verdict of the jury in the Circuit Court there attention has been drawn to the' statute of this state relating to testamentary trustees, and they say that neither of them ever appeared before the Probate Court of this county to be qualified, and they were not and are not qualified or authorized to act by said Probate Court as trustees of said trust in the codicil' provided as required by statute; and aver that they had no legal authority whatever as trustees under said item four to take any part in said contest so as to represent the trust, and all their actions therein were without authority of law and void as to said trust; that therefore said trust was not represented in said contest, and hence the judgments rendered therein are inoperative and void as against said trust and any future trustee thereof. They therefore ask the court to advise the plaintiffs that no order of distribution can be made until a properly qualified trustee for said trust is made a party hereto.
A demurrer was filed to this answer by the plaintiff and the heirs-at-law of Mrs. Deshler and this demurrer being sustained, the eourt upon the pleadings ordered the administrator to distribute the fund to the heirs-at-law of Mrs. Deshler.
Henry C. Noble and Geo. M. Parsons have filed a petition in error in this court, asking to have that judgment reversed.
It is claimed on behalf of the defendants in error, that this judgment should be affirmed, because the answer of Mr. Noble and Mr. Parsons, showing that they were not and had not been trustees of the law school and library, was not a pleading in the case, and did not answer the petition of the plaintiff But it seems to us that it was a proper answer, and contained matter in regard to which the court should have been advised in order to render a proper judgment. The statute, under which the petition was filed provides: “Any executor etc., may maintain a civil action in the court of common pleas against the creditors, legatees, distributees or other parties, asking the direction or .judgment of the court in any matter respecting the trust, estate or property to be administered, and the rights of the parties in interest, in the same manner, and as fully as was formerly entertained in courts of chancery.” In courts of chancery the practice has always prevailed, where a defect *368 of parties did not appear upon the face of the bill, to file a plea setting forth the defect of parties with such particularity as to enable the complainant to have them brought in if he desired, and with this plea the respondent may file a disclaimer. When such a plea is filed, it is the duty of the complainant, either to bring in the new parties, or set the plea down for hearing, and if, upon hearing, the court is satisfied, that they are necessary parties, the complainant must bring them in, or his bill will be dismissed. 1 Daniel Ch. Pr., pp. 286-295.
This method of procedure in the courts of chancery became a part of our code, and in substance is embodied in Revised Statutes, §§ 5013, 5064. So that we are clearly of the opinion that it was proper for Mr. Noble and Mr. Parsons, having been brought into this case, to file an answer disclaiming for themselves any interest in this fund, and setting forth facts which, in their judgment, warranted the court in requiring the plaintiffs to make new parties. Under § 5013, upon the filing of this answer, it was the duty of the court, being satisfied that the determination of the controversy could not be had without their presence, to order them to be brought in, or dismiss the petition without prejudice. From the,, judgment which was rendered in the court below, we must assume that it held that all the necessary parties were before the court. Nobody is bound by this judgment except the parties before the court, and if the court erred in disregarding®the plea filed by Mr. Noble and Mr. Parsons, this judgment affords no protection to the administrator. Lessee of Irwin v. Smith, 17 Ohio, 226.
Another objection urged by the defendants injerror is, that Mr. Noble and Mr. Parsons are not entitled to a reversal of the judgment, because they are not prejudiced thereby. That in the filing of this petition in error they are acting as volunteers, having no interest in the controversy.
What orders and judgments may be reviewed on error are defined in Revised Statutes, § 6707: “An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a *369 final order which may be vacated, modified or reversed, as provided in this title.”
While the provisions of this section are general as to the power of a court to reverse, etc. any final order as therein defined, this is subject to the provisions of Revised Statutes, § 5115, that it must not only appear by the record that error intervened, but that it affected the substantial rights of the party complaining. Or, putting it in the language of the Supreme Court of this state in many decisions, it must be prejudicial error.
Thus, in this case, the plaintiffs in error claim that the demurrer to their answer, as it searched the whole record, should have been overruled as to the answer, but sustained as to the petition. But it has been repeatedly held in this state that, where a defective petition is made good by the allegations in the answer, a demurrer to the petition, if improperly overruled, does not give the party demurring a right to complain because the error is not prejudicial.
But it being clear, that a party complaining that error has been committed must not only make the error clearly appear, but go further and show that he has been prejudiced thereby it becomes a matter of considerable importance to determine the status of Mr. Noble and Mr. Parsons in this proceeding. That upon being .brought into this case, they properly sought to advise the court as to what in their judgment was a defect of parties, they only performed a duty which they owed to the court and the plaintiffs below, we have seen. But when the court chose to disregard their advice, that they had no further duty or concern in the premises seems clear to us. The judgment which the court rendered did not and could not affect them as individuals, and they did not claim to be otherwise concerned in the issue. That this judgment could not prejudice those whom they sought to have brought into the case, but who were not made parties, is very clear. Their position in the present proceeding in error, we think, is clearly and forcibly expressed by Justice Story in the case of Whiting v. Bank of U. S., 13 Peters, 6. This was a case arising upon a bill of review, which is a proceeding in the nature of a writ of error in a court of equity, to have a decree against *370 a defendant reviewed for error on its face. The learned justice says (p. 14.) :
Henry O. Noble and Frank A. Davis, for plaintiffs.
Thos. Milliken, Taylor & Taylor and T. E. Powell, for Mrs. Deshler’s heirs.
Nash & Lentz, for Administrators.
“ And first, as to the supposed error in not making Breckenridge a party to the original bill. Assuming’that he was a proper party to that bill, still it is to be considered, that it was an objection, which ought properly to have been taken by the present parties at the original hearing, or upon the appeal (if any) before the appellategcourt. And, upon a bill of review, it can not properly be relied on as matter of error, unless it can be shown that the non-joinder has operated as an injury or mischief to, the rights of the present plaintiffs. No such injury or mischief has been shown, or is pretended. Breckenridge is not bound by the original decree, because he was no party thereto; and therefore, his interests can not be prejudiced thereby. But if they were, he, and he alone, has a right to complain, and to seek redress from the court; and not the plaintiffs, who are not his representatives, or entrusted with the vindication of his rights. Breckenridge has made no complaint, and sought no-redress. We think,'therefore, that this error, if any there be, not being to the prejudice of the plaintiffs, can not furnish any ground for them to maintain the present bill; for no party to a decree can;J by] the general principles of equity, claim a reversal of a decree upon a bill of review, unless he has been aggrieved by it.”
We think, for the reasons we have stated, that the error of which these plaintiffs complain, was not prejudicial to them, and that therefore they are not entitled to have the judgment reversed. Scovern v. State, 6 Ohio St. 288.
We do not hold that the court below did not err, or that the trust described in the answer of Mr. Noble and Mr. Parsons was represented in the will contest; but solely upon the ground that these plaintiffs in error were not prejudiced by the judgment of the court below, that judgment will be affirmed.